Michael Kind (SBN 13903)
mk@kindlaw.com
**KIND LAW**
8860 South Maryland Pkwy, Ste. 106
Las Vegas, NV 89123
P: 702-337-2322
F: 702-329-5881
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIC R. CHILDERS, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ. |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 ET. SEQ. |
| Defendant. | JURY TRIAL DEMANDED |

1

Complaint for Damages

## INTRODUCTION

1. ERIC R. CHILDERS ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Portfolio Recovery Associates, LLC ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities, in negligently, and/or willfully violating numerous federal and state laws.

2. Plaintiff alleges as follows upon personal knowledge and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq* ("TCPA") and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA").

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of Nevada, County of Clark, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Plaintiff is also a "consumer" as defined by 15 U.S.C. § 1692a(3).

Complaint for Damages

6. Plaintiff is informed and believes, and thereon alleges, that Portfolio Recovery Associates, LLC ("PRA") is, and at all times mentioned herein was, a limited liability company registered in Delaware with its principal place of business located in Virginia. It is a subsidiary of PRA Group, Inc. Plaintiff alleges that at all times relevant herein it conducted business in the State of Nevada, in the County of Clark and City of Las Vegas, within this judicial district. It operates as a collection company and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff allegedly incurred an unpaid financial obligation for a personal "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. The debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed to collect the debt.

9. Since then, Defendant has been engaged in an aggressive automatic dialing campaign to Plaintiff's cellular telephone. Plaintiff intends to obtain the outbound dial list and account notes from Defendant in discovery to ascertain the true number of calls.

10. Defendant has been calling Plaintiff on his cellular telephone at least two or three times per month for an extended period of time. The calls were very frequent and were made with the intent to annoy, abuse and harass Plaintiff, which was the result.

11. Plaintiff did not give prior express consent to receive the calls and from the first call received by Plaintiff, from Defendant, Plaintiff informed Defendant to "stop calling."

12. Plaintiff expressly told Defendant over the phone to stop calling and to stop the harassment. However, Defendant continued to call Plaintiff incessantly at inconvenient times.

13. Notwithstanding the fact that Plaintiff did not provide Defendant Plaintiff's cellular number at any time, Defendant initiated calls to Plaintiff's cellular

telephone utilizing an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls to Plaintiff were made with an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator without human intervention.

15. The telephone number Defendant and/or its agents called was assigned to a cellular telephone service in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

16. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

17. These telephone calls made by Defendant and/or its agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
### 47 U.S.C. § 227 ET SEQ.

18. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

19. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers". Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

20. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

25. Plaintiff is also entitled to an award of attorney fees, costs and interest.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

26. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

30. Plaintiff is also entitled to an award of attorneys' fees, costs and interest.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, ET SEQ.

31. Plaintiff incorporates by reference the above paragraphs of this complaint.

32. Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

33. Defendant caused Plaintiff's cellular telephone to ring repeatedly with the intent to annoy and harass Plaintiff in violation of U.S.C. § 1692d(5).

34. Defendant used unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. Plaintiff is entitled to damages as a result of Defendant's violations.

37. Plaintiff is also entitled to an award of attorney fees, costs and interest.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### FOR NEGLIGENT VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

39. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

40. An award of attorney fees and costs to counsel for Plaintiff;

41. Any other relief the Court may deem just and proper including interest.

### SECOND CAUSE OF ACTION
### FOR KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

42. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

43. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

44. An award of attorney fees and costs to counsel for Plaintiff;

45. Any other relief the Court may deem just and proper including interest.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692, ET SEQ.

46. As a result of Defendant's violations of 15 U.S.C. § 1692 *et seq*, Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

47. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

48. Cost of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

49. Any other relief the Court may deem just and proper including interest and punitive damages.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: January 7, 2020                         KIND LAW

                                              By: *s/ Michael Kind*
                                              Michael Kind, Esq.
                                              mk@kindlaw.com
                                              *Attorneys for Plaintiff*

Complaint for Damages